Fox agt. Hunt.

# SUPREME COURT.

### Fox agt. Hunt.

*It seems*, that the correct practice at the circuit should be, to lay out of the case all the irrelevant allegations, as well as the immaterial issues contained in the pleadings and hold the parties to trial upon the material issues or points in the case (if any are left).

The novel pleadings in this case (assault and battery) compared with those in Mr. Chitty's day.

*Brooklyn Special Term, January* 1853. The action is for an assault and battery committed in August 1850. The defendant, among other things, sets up in his answer, in substance, that in the fall of 1849 he commenced the pork business at Williamsburgh; that the plaintiff, being in the same business, has ever since been " speaking and acting in a false, injurious, slanderous and aggravating manner " towards the defendant, by representing that his meat was " unfit to eat;" " that his customers were nothing but Irish, negroes, and Dutch;" that he was " a damned yankee, and a five-fingered jack," &c. &c.; which unbecoming conduct on the part of the plaintiff, so wrought upon the sensitive feelings of the defendant, that, although from a respect to the advanced age of the plaintiff he would not strike or hurt him, still he was constrained to ' wring his nose,' which he accordingly did." To this the plaintiff replies by averring that he shall insist on the trial, that said allegations are untrue, and insufficient to justify or mitigate the charges set forth in the complaint. The cause was brought on to trial at the Kings circuit in February 1851, and after the jury was impannelled, the circuit judge, considering the pleadings defective, allowed a juror to be withdrawn, for the purpose of giving the plaintiff an opportunity of moving at the special term. The plaintiff now moves to strike out the objectionable portions of the answer. The defendant at the same time moves to dismiss the complaint on the ground of laches in not moving at an earlier day.

GEO. THOMPSON, *for Defendant*.

JOHN COOK, *for Plaintiff*.

Fox agt. Hunt.

BARCULO, Justice.—A disciple of Mr. CHITTY, or any other lawyer who has not kept pace with the popular contrivances which have been invented in our day, to abbreviate and simplify judicial proceedings, would open his eyes with some degree of amazement, on being presented with the mass of papers now before me, and told that they constituted the pleadings in an action of assault and battery. For, although the complaint adhering substantially to the old form, is concise and explicit enough, the answer and reply are a perfect burlesque upon the science of pleading. That part of the answer which is objected to must be stricken out of course. I shall give the defendant leave to put in an entirely new answer, and recommend him to either admit or deny the plaintiff's charge, and not leave his answer, as it will stand when this motion is granted; merely averring that he "denies that he violently, wantonly and maliciously assaulted, beat and wounded the said plaintiff, or done him the injuries set forth in the said complaint, except that on or about the time mentioned in said complaint, he *took hold of the said plaintiff by the nose,* doing him no injury."

If I had held the circuit at which this cause was brought to trial, it is not at all improbable that I might have disregarded the answer and terminated the case, by directing the jury to assess the plaintiff's damages. For I hold it to be correct practice, at the circuit, to lay out of the case all the irrelevant allegations, as well as the immaterial issues, contained in the pleadings, and hold the parties to trial upon the material issues or points in the case; and if the complaint does not contain a good cause of action, or the answer does not contain a defence, I direct judgment accordingly.

That the plaintiff has been guilty of *laches* in this case, is very possible; but, under the circumstances of the case, and the misunderstanding as to what the order of the circuit judge was, I shall not dismiss the complaint. Neither party, however, is to have costs against the other on this motion.